U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUL 2 8 2005

ROBERT n. SHEMWELL, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

PATRICK M. WOODS

versus

COMMISSIONER,
SOCIAL SECURITY

CIVIL ACTION NO. 04-1115

JUDGE HICKS
**Referred to:**
MAGISTRATE JUDGE HORNSBY

## MEMORANDUM RULING

### Introduction

Patrick Woods ("Plaintiff") was born in 1970 and joined the Army in 1988 after earning a high school diploma. Plaintiff injured his right knee during basic training and continued to have problems throughout his two years of military service. He was ultimately given a medical discharge. Plaintiff enrolled in college in 1991 and completed three semesters before transferring to a technical school. In 1992, Plaintiff was involved in a car wreck that caused severe damage to his legs, a broken pelvis and other problems. Soon afterward, he applied for and obtained social security disability benefits. Despite his health problems, Plaintiff was able to graduate from the technical school in 1994.

In 1995, Plaintiff was told that his disability status had been reassessed and benefits were being terminated. Plaintiff appealed that decision and obtained a hearing before an ALJ in 1997. The ALJ denied Plaintiff's appeal, and the Appeals Council denied review. Plaintiff filed an appeal to this court. See Woods v. Commissioner, 00 CV 1086. Plaintiff complained that the ALJ incorrectly favored the opinion of consultative physician Dr. Edwin Simonton

over that of Dr. Baer Rambach, one of Plaintiff's treating physicians. The court ordered a remand in light of the Fifth Circuit's (then) recently announced requirements for discounting the opinion of a treating physician. See Newton v. Apfel, 209 F.3d 448 (5th Cir. 2000).

ALJ Lawrence Ragona, who was not the ALJ during the prior proceeding, presided over the case on remand. He carefully reviewed the evidence and issued a written decision that again denied benefits. The Appeals Council denied review, and Plaintiff again appealed to this court. The parties consented to have the assigned magistrate judge decide the case so, pursuant to 28 U.S.C. § 636(c) and the standing order of the district court, the case was automatically referred to the undersigned. For the reasons that follow, the Commissioner's decision will be affirmed.

**The ALJ's Decision**

The Commissioner may terminate disability benefits if substantial evidence demonstrates that (1) there has been any medical improvement in the individual's impairments and (2) the individual is now able to engage is substantial gainful activity. 42 U.S.C. § 423(f)(1); Griego v. Sullivan, 940 F.2d 942, 944 (5th Cir. 1991). The ALJ began his assessment by noting the relevant period of review. Because of the expiration of Plaintiff's insured status, his abilities through December 31, 1996 were at issue. Later injuries and deterioration of conditions would not be relevant. Plaintiff does not contest that conclusion.

The initial award of benefits was made in September 1992, when Plaintiff had unhealed fractures of the pelvis, tibia and fibula and was on a non-weight bearing status. His fractures eventually healed and his condition obviously improved, so the ALJ found that there was medical improvement that increased Plaintiff's ability to work after he was initially declared disabled. The ALJ then turned to whether Plaintiff's condition as of December 31, 1996 allowed him to perform substantial gainful activity.

The ALJ found that Plaintiff had severe impairments as follows: status post-fractures of pelvis, tibia and fibula, neuropathy of the left sciatic nerve, left foot drop and a brachial plexus injury to the left upper extremity. Tr. 478F. The ALJ next examined a great deal of medical evidence and concluded that an asserted mental impairment was not severe prior to December 31, 1996. Plaintiff does not contest those findings on appeal.

The ALJ next turned to an assessment of Plaintiff's residual functional capacity ("RFC"). He found that Plaintiff had the RFC to lift and carry ten pounds occasionally and five pounds frequently, stand and walk two hours in a work day and sit six hours in a work day, but Plaintiff must be permitted to alternate sitting and standing at his option. Tr. 478L-M. He then looked to Medical-Vocational Rule 201.28 as a framework for decisionmaking. That rule indicates that a person with the ability to perform the full range of sedentary work and who has the other vocational factors (age, education, skills) possessed by Plaintiff could perform jobs that exist in significant numbers in the economy. Because Plaintiff was not found to be capable of performing the full range of sedentary work, the ALJ went beyond the

Rule and solicited the testimony of a vocational expert ("VE"). The VE identified three jobs (dispatcher, assembler and gate guard) that a person with Plaintiff's limitations could perform. Accordingly, the ALJ found that Plaintiff's disability had ceased as of November 1, 1995, with eligibility for benefits terminating at the end of January 1996. Tr. 478P.

**Plaintiff's Appeal**

### A. Weight Afforded Opinion of Physicians

Plaintiff complains on appeal that the ALJ again failed to afford appropriate consideration to the statements of Dr. Rambach. The ALJ's written decision discusses the opinions offered by Dr. Rambach, as well as treating orthopedic surgeons Drs. Edmunds and Morgan, as well as the consultative examination conducted by Dr. Simonton and a statement offered by Dr. Garland Miller. Tr. 478H-L. The ALJ's analysis of those opinions and the relevant weight that is to be afforded them is entirely in accordance with the relevant legal principles and is among the best explained and well-written assessments of opinions from physicians that has come before the court.

The ALJ afforded "significant weight" to the opinion of Dr. Edmunds, who found in 1992 that Plaintiff would be able to sit for eight hours a day in a classroom when he pursued his studies. The ALJ also gave significant weight to a 1995 opinion from Dr. Morgan, who found that Plaintiff should not engage in prolonged walking, standing, climbing or heavy lifting; he did not impose a specific limitation on sitting.

The opinion offered by consultative physician Dr. Simonton in 1997 was favored over that of Dr. Rambach in the original decision, and a remand was granted to permit the agency to explain that decision under the rules of <u>Newton</u>. On remand, however, ALJ Ragona afforded no weight to Dr. Simonton's opinion. Dr. Simonton opined that Plaintiff had no limitation in his ability to sit, but the ALJ rejected that opinion entirely because it was based on the claimant's condition almost a year after the expiration of his insured status and did not purport to speak to the relevant time period. The opinion was also in conflict with objective evidence regarding the claimant's condition and limitations. Thus, "no weight" was accorded the opinion of Dr. Simonton.

With respect to Dr. Rambach's opinions, the ALJ conducted an extraordinarily detailed and compelling assessment. He did give controlling weight to Dr. Rambach's opinion that Plaintiff would have difficulty sitting for prolonged periods of time, and that led to the ALJ including in the claimant's RFC a requirement that he be able to sit and stand at his option. The ALJ correctly gave no weight to Dr. Rambach's conclusory statements that Plaintiff was "disabled" or "unable to work." Such statements are legal conclusions that are reserved to the Commissioner. <u>Frank v. Barnhart</u>, 326 F.3d 618, 620 (5th Cir. 2003). The ALJ also found irrelevant an opinion offered by Dr. Rambach in 1998 because it was not limited to the claimant's condition during the relevant period, and it took into consideration serious injuries suffered by Plaintiff in a car accident in December 1997. The ALJ also disregarded a 2002 report from Dr. Rambach, as well as a 2003 conclusory opinion offered

by Dr. Garland Miller. Both opinions were so far removed from the relevant time period that they lacked relevance. They were afforded "no weight."

Plaintiff bases his appeal largely on the important role that the opinion of a treating physician ordinarily plays in assessing disability. The opinion of the treating physician who is familiar with the claimant's impairments, treatments and responses, should be accorded great weight in determining disability. The treating physician's opinion on the nature and severity of a patient's impairment will be given "controlling weight" if it is well supported by medical evidence and not inconsistent with other substantial evidence. Newton, 209 F.3d at 455. The ALJ may, however, discount the weight of a treating physician's opinion when good cause is shown. Good cause exists when the treating physician's evidence is conclusory, unsupported by medically acceptable techniques or is otherwise unsupported by the evidence. Newton, 209 F.3d at 455-56. Newton indicates that an ALJ must specifically consider six regulatory factors when discounting the opinion of a treating physician. Later decisions have clarified that the six-factor review is required only when there is an absence of competing first-hand medical evidence. Frank v. Barnhart, 326 F.3d at 620; Nall v. Barnhart, 78 Fed. Appx. 996 (5th Cir. 2003). There is competing first-hand medical evidence in this case, and much of it comes from other treating physicians.

The ALJ carefully and correctly explained his sound assessment of the various medical opinions, and he gave legitimate and compelling reasons for disregarding the untimely or legal opinions offered by Dr. Rambach. He accepted the timely medical opinion

offered by Dr. Rambach and incorporated the suggested sitting limitation in the RFC. The court has carefully reviewed the ALJ's decision and finds no reversible error in his assessment of the physicians' opinions.

**B. Vocational Expert**

Plaintiff's second issue raised on appeal is that the ALJ erred by failing to consider the testimony of a VE. He argues that the ALJ did not ask the VE a hypothetical question that reflected "the limitations that were the real Patrick Woods." There has been no error found with respect to the ALJ's assessment of Plaintiff's RFC, and there is no indication that the ALJ's hypothetical question did not reflect the RFC that he legitimately found. Plaintiff also points to an opinion from Richard Galloway, Ph.D., that there are no jobs available to Plaintiff because of his limitations. The limitations assumed by Dr. Galloway were, however, more significant than those found by the ALJ, so his opinion is not grounds for error.

Accordingly, the Commissioner's decision to terminate benefits is **affirmed**. A judgment to that effect will be entered.

THUS DONE AND SIGNED at Shreveport, Louisiana, this the 28 day of July, 2005.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE